1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOEL LEE WALLACH, | ) | Case No. 12CV1886-AJB (BLM) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **FOR ORDER GRANTING** |
| | ) | **DEFENDANTS' MOTION TO** |
| SUSAN MELANSON, et al., | ) | **DISMISS PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| Defendants. | ) | |
| | ) | **[ECF No. 34]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California.

On July 13, 2012, Plaintiff, Joel Lee Wallach, a state prisoner proceeding *pro se*, filed this civil rights suit against Defendants Susan Melanson, Frank Mitchell, and Martin Hoshimo ("Defendants"). ECF No. 1. Plaintiff filed a First Amended Complaint ("FAC") on September 25, 2012 against the same Defendants. ECF No. 5 ("FAC"). On December 5, 2012, Defendants filed a Motion to Dismiss Plaintiff's FAC [ECF No. 11 ("MTD")] and the Court issued a briefing schedule that same day. Defendants included a Request for Judicial Notice as part of their MTD. ECF No. 11-2. Plaintiff opposed the Motion to Dismiss on January 22, 2013 [ECF No. 13 ("Oppo.")] and Defendants filed their Reply on January 29, 2013 with another Request for Judicial Notice. ECF No. 14 ("Reply").

This Court finds the issue appropriate for decision on the papers and without oral

1   argument pursuant to Local Civil Rule 7.1 (d)(1).  ECF No. 12.  The Court has considered

2   Plaintiff's First Amended Complaint, Defendants' Motion to Dismiss, Plaintiff's Opposition,

3   Defendants' Reply, Defendants' Requests for Judicial Notice, and all supporting documents

4   submitted by the parties.  For the reasons set forth below, this Court **RECOMMENDS** that

5   Defendants' Motion to Dismiss ("MTD") Plaintiff's FAC be **GRANTED**.

6                                              **BACKGROUND**

7        Because this case comes before the Court on a motion to dismiss, the Court must accept

8   as true all material allegations in the complaint, and must construe the complaint and all

9   reasonable inferences drawn therefrom in the light most favorable to Plaintiff.  See Thompson

10  v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  According to the complaint, Plaintiff accepted a plea

11  bargain agreement in February 1984 for a crime that he committed on September 26, 1983.  FAC

12  at 3.  As part of the agreement, if Plaintiff was found unsuitable for parole, his maximum parole

13  deferral was two years.  Id.  However, at Plaintiff's last parole hearing, on September 30, 2010,

14  he "was given a 7 year denial by [Defendants] Susan Melanson and Frank [M]i[t]chell."  Id.

15  Plaintiff alleges that the seven year deferral was a result of the passing of Proposition 9, Marsy's

16  Law[1], which went into effect on November 5, 2008[2].  Id.  Defendant Martin Hoshimo was the

17

18        [1] "Marsy's Law, which was enacted by the voters in November 2008, was named after a young woman who
    was murdered in 1983.  According to the measure's uncodified findings and declarations, following the arrest of
19  Marsy's murderer, 'Marsy's mother was shocked to meet him at a local supermarket' after he was released on bail
    without Marcy's family's receiving notice or opportunity to express opposition to his release.  'Several years after his
20  conviction and sentence to 'life in prison,' the parole hearings for his release began.  In the first parole hearing,
    Marsy's mother suffered a heart attack fighting against his release.  Since then Marsy's family has endured the trauma
21  of frequent parole hearings and constant anxiety that Marsy's killer would be released.'  The law was 'written on
    behalf of [Marsy's family], who were often treated as though they had no rights, and inspired by hundreds of
22  thousands of victims of crime who have experienced the additional pain and frustration of a criminal justice system
    that too often fails to afford victims even the most basic of rights'. "   In Re Vicks, — P.3d ----, 2013 WL 781496,
23  *3 (Cal. March 4, 2013)(citations omitted).

24        [2] "As amended in 2008 by Marsy's Law, section 3041.5 establishes longer deferral periods following the denial
    of parole than did the statute in 1983.  The deferral periods range from a default period of 15 years to a minimum
25  of three years. More specifically, the next hearing is to occur in 15 years, 'unless the board finds by clear and
    convincing evidence that the criteria relevant to the setting of parole release dates ... are such that consideration of
26  the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10
    additional years.'  If the Board makes such a finding, the next hearing shall be in 10 years, unless the Board finds,
27  again by clear and convincing evidence and considering the same criteria and conclusions, that a period of more
    than seven years is not required.  In that event, the next hearing shall be in three, five, or seven years.  The Board
28  is required to 'consider[ ] the views and interests of the victim' before selecting the appropriate deferral period."  In
    Re Vicks, — P.3d ----, 2013 WL 781496 at *4 (citations omitted).

1   Executive Director of the Board of Parole Hearings at the time of Plaintiff's parole hearing.  Id.

2   Plaintiff is seeking an injunction preventing Defendants "from imposing more than a 2 year

3   denial at [his] parole consideration hearings if [he] is found unsuitable for release," court costs,

4   and "[d]eclaratory relief ordering the BPH to honor plea agreement deferral periods that are

5   annexed to the plea at the time of its formation and [to] conduct a new hearing to re-set [his]

6   deferral date not to exceed 2 years." Id. at 5.

7   ## DISCUSSION

8   Defendants argue that Plaintiff's FAC should be dismissed because Plaintiff failed to state

9   a claim upon which relief can be granted.  MTD at 2.  Specifically, Defendants explain that

10  Plaintiff's claim cannot be litigated in this case because it is the same as the claim being raised

11  in a pending class action lawsuit, Gilman v. Schwarzenegger, et al., CIV-S-05-0830 LKK GGH[3].

12  Id. at 2.   Since "Plaintiff's claims are subsumed by the class action[,] his FAC should be

13  dismissed." Id. at 3.  Plaintiff disputes Defendants' claims and argues that his "claims are 'not'

14  covered by the claims in Gilman" and, as such, can be litigated here.  Oppo at 1.  Plaintiff

15  explains that he is relying on contract principles and the Due Process clause to require the Board

16  to comply with the terms of his written plea agreement, which required a parole review every

17  two years. FAC at 3-10; Oppo at 1-6.  In response, Defendants argue that Plaintiff's Due Process

18  claim also is without merit as the parole denial timeline was not a material aspect of the plea

19  agreement.  Reply at 5-6.

20  **A.   LEGAL STANDARD**

21  Defendants move to dismiss Plaintiff's FAC under Federal Rule 12(b)(6) for failure to state

22  a claim upon which relief can be granted.  MTD at 2.  Pursuant to Rule 8(a) of the Federal Rules

23  of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing

24  that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule

25

26

27

28  [3]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court **GRANTS** Defendants' motion and takes judicial notice of the docket and records in Gilman v. Schwarzenneger, which is now pending in the United States District Court for the Eastern District of California, Case No. Civ. S 05–830–LKK (GGH).

8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. Fed. R. Civ. P. 12(b)(6).  The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted.  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).  In order to survive a motion to dismiss, a Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 570).  If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard.  Id. at 678 (quoting Twombly, 550 U.S. at 557).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550 U.S. at 556).

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  This rule of liberal construction is "particularly important" in civil rights cases. Hendon v. Ramsey, 528 F. Supp. 2d 1058, 1063 (S.D. Cal. Dec. 28, 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that because "Iqbal incorporated the Twombly pleading standard and Twombly did not alter the Court's treatment of pro se filings; accordingly we continue to construe *pro se* filings liberally."  This is particularly important where the Petitioner is a *pro se* prisoner litigant in a civil rights matter).  When giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled."  Easter v. CDC, 694 F. Supp.2d 1177, 1183 (S.D. Cal. March 9, 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."  Id.

1   (quoting <u>Ivey</u>, 673 F.2d at 268).

2       The court should allow a *pro se* plaintiff leave to amend his or her complaint "unless the

3   pleading could not possibly be cured by the allegation of other facts." <u>Ramirez v. Galaza</u>, 334

4   F.3d 850, 861 (9th Cir. 2003) (internal citations omitted).  Moreover, "before dismissing a pro

5   se complaint the district court must provide the litigant with notice of the deficiencies in his

6   complaint in order to ensure that the litigant uses the opportunity to amend effectively." <u>Wayne</u>

7   <u>v. Leal</u>, 2009 WL 2406299, *3 (S.D. Cal. Aug. 4, 2009) (quoting <u>Ferdik</u>, 963 F.2d at 1261).

8   **B.    PLAINTIFF'S EX POST FACTO CLAIM FALLS WITHIN THE GILMAN CLASS**

9       **ACTION**

10      Plaintiff argues that because he agreed to a maximum two year parole deferral if he was

11  found unsuitable for parole when he accepted his plea bargain in 1983, the seven year deferral

12  that he was given after his last parole hearing due to Marsy's law, violated the terms of his plea

13  agreement.  FAC at 3.  In support Plaintiff argues that his plea agreement constituted a binding

14  contract, the terms of which could not be unilaterally changed by the passing of Marsy's law.

15  <u>Id.</u>  Plaintiff emphasizes that he is not challenging the fact that he was denied parole, but only

16  that he is entitled to a maximum wait of two years in between parole hearings.  <u>Id.</u>  Plaintiff

17  argues that his case should not be a part of the <u>Gilman</u> class action because his case concerns

18  his "plea-agreement contract" and does not concern "Board or Governor bias, nor reasons given

19  by Board or Governor to defer or delay parole, nor any of the other grounds used in <u>Gilman</u>."

20  Oppo at 1.  Finally, Plaintiff states that "[t]he <u>Gilman</u> action <u>does not address</u> this singular focus.

21  It <u>does not deal with plea agreement</u> and it <u>does not</u> address Plaintiff's impairment of contract

22  issue.  This makes Plaintiff's case 'unique' and 'different from' the <u>Gilman</u> action."  <u>Id.</u> at 6

23  (emphasis in original).  Defendants contend that the plaintiff class in the <u>Gilman</u> action "consists

24  of state prisoners who: (i) have been sentenced to a term that includes life; (ii) are serving

25  sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been

26  denied parole on one or more occasions" and that Plaintiff fits squarely into this class.  MTD at

27  3.  Since Plaintiff has not been permitted to opt out of the class, his FAC should be dismissed.

28  <u>Id.</u> at 4.

1   Although Plaintiff identifies only the Due Process clause as the constitutional basis for his

2   claim [FAC at 3], he repeatedly mentions the Ex Post Facto clause and relies upon its principles

3   for some of his arguments.  FAC at 10; Oppo at 5-6.  To the extent Plaintiff is asserting an Ex

4   Post Facto violation, his claim falls within the parameters of the <u>Gilman</u> action and, therefore,

5   should be dismissed.  The plaintiffs in Gilman "are eight California life-term prisoners who

6   represent a class of similarly situated California prisoners.  They allege that Proposition 9, the

7   'Victims' Bill of Rights Act of 2008: Marsy's Law,' which modifies the availability and frequency

8   of parole hearings, violates the Ex Post Facto Clause of the United States Constitution." <u>Gilman</u>

9   <u>v. Schwarzenegger</u>, 638 F. 3d 1101, 1103 (9th Cir. 2010); <u>see also</u> <u>Johnson v. Parole Bd.</u>, 2012

10  WL 3104867, *2 (C.D. Cal. June 26, 2012) (finding that "an *ex post facto* challenge to the

11  frequency of hearings provisions of Marsy's Law, is currently at issue in a 42 U.S.C. § 1983 class

12  action ongoing in the Eastern District of California [<u>Gilman v. Schwarzenegger</u>], and Petitioner

13  is a member of that class and noting that "[a]lthough defendants in that matter have recently

14  been granted judgment on the pleadings as to several of the claims raised, the *ex post facto*

15  challenge to the application of Marsy's Law is proceeding); <u>Aremu v. California Bd. Of Parole</u>

16  <u>Hearings</u>, 2012 WL 3432291, *1 (E.D. Cal. Aug. 31, 2010) (stating that "[a] class action pending

17  in this district, <u>Gilman v. Davis</u>, No. Civ. S–05–0830 LKK GGH,FN1 also challenges Proposition 9

18  as violating the Ex Post Facto and Due Process clauses"); and <u>Reese v. Brazelton</u>, 2013 WL

19  268703 (E.D. Cal. Jan. 24, 2013) (same).  In addition, Plaintiff "is serving a life-term maximum

20  sentence," is eligible for parole, and has been denied parole on one or more occasions.  Reply

21  at 4., FAC at 3.

22      Accordingly, the Court **RECOMMENDS** that Plaintiff's Ex Post Facto claim be **DISMISSED**

23  **WITHOUT PREJUDICE**.  See <u>Hall v. Martell</u>, 2011 WL 7005465, at *8 (C.D. Cal. December 7,

24  2011) (dismissing petitioner's Proposition 9 ex post facto claim without prejudice in light of

25  <u>Gilman</u> class litigation), Report and Recommendation adopted by 2012 WL 94331 (C.D. Cal. Jan.

26  9, 2012); <u>Campbell v. Ochoa</u>, 2011 WL 5436233, at *4–7 (C.D. Cal. Oct. 3, 2011) (same), Report

27  and Recommendation adopted by 2011 WL 5515486 (C.D. Cal. Nov. 9, 2011); and <u>Jung v.</u>

28  <u>Gonzalez</u>, 2011 WL 4477328, at *5 (C.D. Cal. June 28, 2011) (dismissing Proposition 9 ex post

facto claim in part because petitioner was member of <u>Gilman</u> class and "[i]t is contrary to the efficient and orderly administration of justice for a court to proceed with an action that would possibly conflict with or interfere with the determination of relief in another pending action").

## C.   <u>PLAINTIFF'S DUE PROCESS CLAIM FAILS</u>

Plaintiff also argues that his rights under the Due Process Clause were violated when the Board chose not to conduct his parole reviews every two years as set forth in his written plea agreement, which he argues is a binding contract.  FAC at 3-10; Oppo at 1-6.  In support, Plaintiff argues that the laws that were in place at the time of his plea agreement concerning parole deferral periods were incorporated into his plea agreement and cannot be changed by subsequent laws without violating contract law and his Due Process rights.  <u>Id.</u>  In response, Defendants argue that Plaintiff fails to state a Due Process claim because the timing of the parole hearing was not a material aspect of the plea agreement as it was not a negotiated term.  Reply at 5-6.

A criminal defendant has a due process right to enforce the terms of his plea agreement and promises from the prosecution set forth in a plea agreement must be fulfilled if they are significant inducements to enter into a plea.  <u>See</u> <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971); <u>see</u> <u>also</u> <u>Buckley v. Terhune</u>, 441 F.3d 688, 694 (9th Cir. 2006).  "The construction of a state court plea agreement is a matter of state law, and federal courts will defer to a state court's reasonable construction of a plea agreement." <u>Foster v. Harley</u>, 2011 WL 2470510, *8 (E.D. Cal. June 20, 2011)(citing <u>Ricketts v. Adamson</u>, 483 U.S. 1, 6 n. 3 (1987); and <u>Buckley</u>, 441 F.3d at 695.  "In California, '[a] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles,' and 'according to the same rules as other contracts.'" <u>Buckley</u>, 441 F.3d at 695 (quoting <u>People v. Shelton</u>, 37 Cal.4th 759, 767 (2006) and <u>People v. Toscano</u>, 124 Cal. App.4th 340, 344 (2004).  This means that first, the plain meaning of the agreement's language has to be considered and, if ambiguous, must be interpreted "by ascertaining the objectively reasonable expectations of the promisee at the time the contract was made." <u>Foster</u>, 2011 WL 2470510 at *8 (citing <u>Buckley</u>, 441 F.3d at 695).  Any remaining ambiguity should be interpreted in favor of the criminal defendant.  <u>Id.</u>

Here, the documentation that Plaintiff has provided relating to his plea agreement does not support his claim[4] and there is no transcript describing any advisements or colloquies that Plaintiff likely received or participated in when entering his change of plea that support his claim. FAC at Exhibit 1; ECF No. 1. at Exhibit 1.  The plea agreement shows that Plaintiff entered his plea to "avoid potentially more serious consequences of life without the possibility of parole if convicted," that Plaintiff's decision to change his plea to guilty was "made freely and voluntarily, without threat or fear to him or to anyone closely related to or associated with him," and that "he has not been induced to plead guilty by any promise or representation of a lesser sentence, probation, reward, immunity or anything else."  Report and Recommendation, Exhibit 1. Nowhere in his complaint does Plaintiff allege that he accepted the plea agreement in exchange for parole deferral periods of two years or less or that this alleged term was a significant inducement to enter his plea and the plea agreement does not support such an assertion. Santobello, 404 U.S. at 261.  Similarly, as the agreement shows and as Plaintiff acknowledges[5], the timing of his future parole deferral hearings was not included as a separate term of his plea agreement.  FAC at 3.  Plaintiff does not allege that he was told or promised that the status of parole hearing law at the time of his plea agreement would remain the same throughout his incarceration and the plea agreement does not support such an allegation.  FAC; Report and Recommendation, Exhibit 1.  Instead, Plaintiff merely repeats that the laws at the time of his agreement were "fixed" and could not be changed.  Id. at 3-10.  That, however, is not a correct statement of the law.  While Courts recognize that in California, plea bargains are deemed to incorporate and contemplate the existing law, Courts also recognize that plea bargains incorporate "the reserve power of the state to amend the law or enact additional laws."  Davis v. Woodford, 446 F.3d 957, 962 (9th Cir. 2006)(quoting People v. Gipson (In re Gipson), 117 Cal. App.4th 1065, (2004)).  Here, while the law on parole hearings at the time of Plaintiff's

---

[4]The change of plea form attached to the FAC is completely blacked out and the change of plea form attached to his original complaint is partially blacked out and very difficult to read.  However, the Court obtained a legible copy of the two page plea agreement from the state court and has used that copy to evaluate Plaintiff's claims.  The legible copy of the plea agreement is attached to this Report and Recommendation as Exhibit 1.

[5]Plaintiff states that it was his understanding that the laws concerning parole deferral hearings at the time he entered his plea were "annexed" to the plea and were not written into the plea agreement.  FAC at 3.

1  agreement was attached to his plea agreement, the state maintained its power to amend the

2  law, which it did by enacting Marsy's law.

3        Finally, Plaintiff does not cite to and the Court has not found any authority finding that

4  a Due Process violation arises when the parole Board defers parole hearings for more than the

5  period of time stated in the statutes in effect at the time of the guilty plea. See Williams v. Finn,

6  2011 WL 1342999, * 8 (E.D. Cal. April 7, 2011) (finding that Petitioner failed to cite any "federal

7  authority for the proposition that a due process violation automatically results if a state parole

8  board defers parole suitability hearings beyond a one year period or even beyond the time set

9  forth in state regulations" and noting that "[e]ven if the Board lacked authority under state

10 regulations to continue petitioner's next parole suitability hearing for three years, a violation of

11 state mandated procedures will constitute a due process violation only if the violation brings

12 about a fundamentally unfair result") (citing Asgari v. Cullen, 2010 WL 4916589, *4 (C.D. Cal.

13 Oct. 25, 2010) (because no case has held that a multi-year deferral by the Board is a violation

14 of federal due process rights, at best a challenge to a multi-year denial of parole alleges only a

15 violation of state law); and Edwards v. Curry, 2009 WL 1883739, *8 (N.D. Cal. June 30, 2009)).

16        Accordingly, the Court **RECOMMENDS** that Plaintiff's due process claim be **DISMISSED**

17 **WITHOUT LEAVE TO AMEND**.[6]

18                                    **CONCLUSION**

19        For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court

20 issue an Order: (1) approving and adopting this Report and Recommendation and (2)

21 **GRANTING** Defendants' Motion to Dismiss Plaintiff's FAC.

22        **IT IS HEREBY ORDERED** that any written objections to this Report must be filed with

23 the Court and served on all parties no later than **April 19, 2013**.  The document should be

24 captioned "Objections to Report and Recommendation."

25        **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

26 and served on all parties no later than **May 10, 2013**.  The parties are advised that failure to

27

28        [6]The Court **RECOMMENDS** that the dismissal be without leave to amend because the Court does not find
that there are any facts or law that Plaintiff can plead in support of his Due Process claim.

file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED:  March 22, 2013

BARBARA L. MAJOR
United States Magistrate Judge

12cv1886-AJB (BLM)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

12cv1886-AJB (BLM)



F I L E
Robert D. Zumwalt, Clerk

FEB 6 1984

BY _____

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA<br>Plaintiff,<br><br>vs.<br><br><u>JOEL LEE WALLACH,</u><br>Defendant. | CASE NUMBER<br>CR – 65332<br>DA– A72739<br>**CHANGE OF PLEA**<br>**(GUILTY)** |

Comes now    Joel Lee Wallach

defendant in the above-entitled criminal action, and in support of his motion to change his plea(s) to be made in open court personally and by his attorney, does declare:    *(defendant to initial each item)*

1. That his attorney in the above-entitled criminal action is <u>Nelson P. Bray, Esquire, 4026 Dove Street, San Diego, CA 92101</u>
2. That he is charged in <u>Information</u> number CR – <u>65332</u>, with having violated
<br>(information/indictment)

<u>Penal Code §§ 187 (Count I); 520 (Count II); 211 (Count III); 209(a) (Count IV);</u>
<br>(Code Section(s) and Count(s)

<u>664 & 187 (Count V); 245(a)(2) (Count VI); 246 (Count VII); and, 459 (Count VIII).</u>

3. That he desires to change his plea(s) and desires to plead guilty to <u>Count I, a violation of Penal</u>
<br>(Set forth Code Section(s) and Count(s),
<u>Code §187 in the first degree and admit gun use pursuant to Penal Code §§ 12022.5</u>
<br>including lesser offense(s) to which plea is to be made)    <u>and 1203.06(a)(1)(i).</u>
4. That he <u>is</u> now and <u>was</u> at the time this form was prepared in possession of all his faculties
<br>(is/is not)        (was/was not)

and has not consumed any drug, narcotic or alcoholic beverage in the 24-hour period preceding the entry of this plea to the extent that his sound judgment is impaired;

5. That he <u>does</u> understand the nature of the charge(s) against him;
<br>(does/does not)

6. That he <u>has</u> discussed the nature of the charge(s) against him and the possible defenses thereto with
<br>(has/has not)
his attorney;

7. That he violated the aforementioned Penal Code section(s) by <u>firing a .22 caliber pistol at</u>
<u>Richard Westcott during a physical struggle between them, causing Mr. Westcott's</u>
<u>death. Defendant enters this plea of guilty pursuant to People v. West, 3 Cal. 3d</u>
<u>595, to avoid the potential consequences of conviction and sentence for violation</u>
<u>of Penal Code §209(a), carrying a penalty of life without possibility of parole.</u>

8. That his attorney <u>has</u> explained and discussed his constitutional rights with him; that he understands
<br>(has/has not)
his constitutional rights; that his constitutional rights have not been violated; that his attorney has specifically explained to him (1) the right to a jury trial, (2) the right to confront those witnesses who would testify against him and to cross examine those witnesses, (3) the right to testify in his own behalf or not to testify if he desires to remain silent, (4) the right to have witnesses and documents subpoenaed by the Court for use at trial; that defendant knowingly and intelligently gives up these constitutional rights;

9. That his decision to change his plea(s) <u>has</u> been made freely and voluntarily, without threat or
<br>(has/has not)
fear to him or to anyone closely related to or associated with him;

10. That his attorney <u>has</u> explained the possible sentence and understands the maximum possible punish-
<br>(has/has not)
ment to be: <u>27 years to life in state prison.</u>

and further that in the event he is sentenced to State Prison, he will be placed on parole for a period of <u>5 years.</u> To Life

11. That he understands if he is granted probation and the Court finds he has violated the terms of probation he could be sentenced to State Prison at that time. For the maximum sentence of <u>27 years/</u> to life regardless of any other provision contained in this form.

*Co. Clk. CR-12 (12-82)*

12. That he __has not__ been induced to plead guilty by any promise or representation of a lesser sentence,
    (has/has not)
probation, reward, immunity, or anything else. If defendant's plea of guilty is the result of discussions with the District
Attorney (e.g., that the District Attorney has agreed to move to dismiss a count if defendant pleads guilty to another
count), explain briefly such promise or plea bargaining, in the following space: __Counts II through VIII will__
__be dismissed.  Defense counsel is free to argue to strike the gun use enhancement.__

_____

_____

_____

13. That he __is not__ eligible for probation and that he __does__ understand that the matter of proba-
    (is/is not)                                              (does/does not)
tion and sentence is to be determined solely by the court.

14. That he is pleading guilty to avoid potentially more serious consequences
    of life without the possibility of parole if convicted of a violation of
Defendant has  (cross out the inapplicable phrase)    Penal Code §209(a).

~~1. personally appeared before this court this date and~~

2. read, discussed, and has had explained to him by his attorney

each of the above items, and understands same. Defendant has initialed each item as proof thereof.

Executed this __3rd__ day of __February__, 19 __84__, in the County of San Diego, State
of California.

_Joel Lee Wallach_
(Defendant's signature)
JOEL LEE WALLACH

__Nelson P. Brav__ _____ states that he is the attorney for
defendant in the above-entitled criminal action; that he personally read, discussed and explained the contents of the above
declaration of the defendant and each item thereof; that defendant's constitutional rights have not been violated; that no
meritorious defense exists to the charge(s) to which defendant is pleading guilty; that he personally observed the defendant
(fill in and initial each item, or read and initial each item) acknowledging explanation of the contents of each item; that he
observed defendant date and sign said declaration; that he concurs in defendant's withdrawal of his plea(s) of not guilty;
that he concurs in defendant's plea(s) of guilty to the charge(s) as set forth by the defendant in the above declaration.

Dated this __3rd__ day of __February__, 19 __84__.

(Attorney's signature)
NELSON P. BRAV

The People of the State of California, plaintiff in the above-entitled criminal action, by and through its attorney,
EDWIN. L. MILLER, JR., District Attorney, concurs in the defendant's withdrawal of his plea(s) of not guilty and in the
defendant's plea of guilty to the charge(s) as set forth by the defendant in the above declaration.

Dated this __6th__ day of __February__, 19 __84__.

EDWIN L. MILLER, JR.
District Attorney

By: _Michael G. Carpenter_
(Deputy District Attorney)
MICHAEL G. CARPENTER

Defendant personally and by his attorney having in open court moved to withdraw his plea(s) of not guilty as
heretofore entered and the People of the State of California, by and through its attorney, having concurred in said motion;

IT IS HEREBY ORDERED that said motion be and the same is hereby granted.

Dated: __February 6, 1984__

(Judge of the Superior Court)
BARBARA GAMER

Co. Clk. CR-12 (2-82) REVERSE