UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL LEE WALLACH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SUSAN MELANSON, et al.,<br><br>　　　　Defendants. | Case No.: 12cv1886 AJB (BLM)<br><br>ORDER:<br><br>1) ADOPTING THE REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;<br><br>(2) OVERRULING PLAINTIFF'S OBJECTIONS; AND<br><br>(3) DENYING APPLICATION FOR A CERTIFICATE OF APPEALABILITY.<br><br>[Doc. Nos. 15, 19, and 21, respectively] |

On July 13, 2012, Plaintiff, Joel Lee Wallach, a state prisoner proceeding *pro se*, filed a civil rights suit against Defendants Susan Melanson, Frank Mitchell, and Martin Hoshimo. On September 25, 2012, Plaintiff filed a First Amended Complaint ("FAC") against the Defendants. (Doc. No. 5.) On December 5, 2012, the Defendants filed a motion to dismiss Plaintiff's first amended complaint. (Doc. No. 11.) On March 22, 2013, United States Magistrate Judge Barbara L. Major filed a Report and Recommendation ("R&R") addressing the Defendants' motion to dismiss Plaintiff's FAC. (Doc. No. 15.) Plaintiff filed timely objections to the R&R and an application for a certificate of

appealability on May 10, 2013. (Doc. No. 19.) Defendants filed a reply to Plaintiff's objections on June 5, 2013. (Doc. No. 22.) Accordingly, for the reasons stated below, the Court ADOPTS the R&R in its entirety, GRANTS Defendant's motion to dismiss Plaintiff's FAC, (Doc. No. 15), OVERRULES Plaintiff's objections, (Doc. No. 19), and DENIES the application for a certificate of appealability, (Doc. No. 21).

## BACKGROUND

In February 1984, Plaintiff accepted a plea agreement for a crime he committed in 1983. His plea agreement included a maximum possible punishment of "27 years to life in state prison" and, if sent to state prison, notice of parole for a period of "5 years to life." (Doc. No. 5.) The agreement includes language "that he is pleading guilty to avoid potentially more serious consequences of life without the possibility of parole." (Doc. No. 5, Ex.1.) At the time of the agreement, if Mr. Wallach was found unsuitable for parole, the maximum parole deferral was two years. (Doc. No. 5.)

In 2008, California voters passed the Victims' Bill of Rights Act (Marsy's Law). "As amended in 2008 by Marsy's Law, section 3041.5 establishes longer deferral periods following the denial of parole than did the statute in 1983. The deferral periods range from a default period of 15 years to a minimum of three years. More specifically, the next hearing is to occur in 15 years, 'unless the board finds by clear and convincing evidence that the criteria relevant to the setting of parole release dates ... are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10 additional years.' (§ 3041.5, subd. (b)(3)(A).) If the Board makes such a finding, the next hearing shall be in 10 years, unless the Board finds, again by clear and convincing evidence and considering the same criteria and considerations, that a period of more than seven years is not required. (§ 3041.5, subd. (b)(3)(B).) In that event, the next hearing shall be in three, five, or seven years. (§ 3041.5, subd. (b)(3)(C).) The Board is required to 'consider[ ] the views and interests of the victim' before selecting the appropriate deferral period. (§ 3041.5, subd. (b)(3).)" *In re Vicks*, 56 Cal.4th 274, 284 (2013).

At Plaintiff's last parole hearing in September 2010, the Board of Parole Hearings denied parole and deferred his next hearing for seven years. Plaintiff now seeks an injunction preventing Defendants "from imposing more than a two year denial at [his] parole consideration hearings if [he] is found unsuitable for release," court costs, and "[d]eclaratory relief ordering [Board of Parole Hearings] to honor plea agreement deferral periods that are annexed to the plea at the time of its formation and [to] conduct a new hearing to re-set [his] deferral date not to exceed two years." (Doc. No. 5.) In his FAC, Plaintiff argued that (1) his plea agreement is a binding contract; (2) the government is required to honor all provisions and laws in effect at the time of its signing; and (3) applying the changes made by Marsy's Law to him amounts to a violation of Ex Post Facto Clause. (Doc. No. 5.)

## LEGAL STANDARDS

### I.   Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### II.   Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the plaintiff is entitled to relief ... [to] give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court may dismiss a complaint under

Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir.2007). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000), quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir.1990).

When a plaintiff appears *pro se*, the court must be careful to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[B]efore dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Wayne v. Leal*, 2009 WL 2406299, (S.D. Cal. Aug. 4, 2009), quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## DISCUSSION

## I. Summary of the Report and Recommendation's Findings

Magistrate Judge Major recommends that this Court grant the defendants' motion to dismiss both as to the ex post facto and due process claims. The R&R finds that Plaintiff's ex post facto claim falls within the pending *Gilman v. Schwarzenegger,* CIV-S-05-0830-LKK (GGH), class action lawsuit and thus should be dismissed without prejudice. The R&R recommends that Plaintiff's due process claim should be dismissed without leave to amend, as there is no authority to find a due process violation when a parole board defers parole hearing for more than the period of time stated by statute in effect at the time of the guilty plea.

## II. Plaintiff's Objections to the Report and Recommendation

Plaintiff argues that despite the findings of the R&R, he does have a valid due process claim for "impairment and breach of his plea agreement." He asserts the two year deferral was a significant inducement to his entering into the plea agreement and that it is fundamentally unfair to retroactively apply a new law to his plea agreement. Plaintiff attempts to distinguish his case from those cited in the R&R because his case concerns a plea agreement contract and contract principles apply. (Doc. No. 19 at 3.) For the same reason, Plaintiff objects to the R&R's findings that his ex post facto claims are subsumed under *Gilman*. (Doc. No. 19 at 7.)

### A. Inducement to Enter into Plea Agreement

Plaintiff asserts that the maximum two year parole deferral in effect at the time of his plea agreement was a significant inducement in his decision to enter into a plea agreement. A criminal defendant has a due process right to enforce the terms of his plea agreement if they are a significant inducement to enter into a plea. *See Santobello v. New York*, 404 U.S. 267, 262 (1971).

Plaintiff correctly asserts that contract principles apply to plea agreements. "In California, 'a negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles,' and 'according to the same rules as other contracts.'" *Buckley v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006). Courts "employ

*objective* standards-it is the parties' or defendant's *reasonable* beliefs that control.... The construction we adopt, however, incorporates the general rule that ambiguities are construed in favor of the defendant. Focusing on the *defendant's* reasonable understanding also reflects the proper constitutional focus on what induced the *defendant* to plead guilty.' [Citations]." *Brown v. Poole*, 337 F.3d 1155, 1159-60 (9th Cir. 2003).

As Magistrate Judge Major accurately indicates, there is no evidence to support Plaintiff's assertion that the maximum two year deferral period was an inducement to take the plea. Plaintiff concedes that there were no advisements or colloquies in the record to support his claim that the deferral period was a significant inducement, but points out the deferral periods could not have been the subject of negotiations because they were statutorily mandated. (Doc. No. 19.)  The plea agreement expressly states "that he is pleading guilty to avoid potentially more serious consequences of life without the possibility of parole." (Doc. No. 5, Ex. 1)  While Marsy's Law has changed the maximum deferral periods, Plaintiff still has the essential benefit of the bargain he sought: he does not lose the possibility of parole.

Furthermore, Plaintiff has failed to cite to any federal authority finding a due process violation for a parole board's deferral of parole hearings for more than the period of time stated in the statutes at the time of the guilty plea. *See Fowlie v. Sisto*, 2011 WL 276378, at *3 (E.D. Cal. Feb. 4, 2011) (denying claim as "Petitioner has cited no federal authority for the proposition that a due process violation results if a state parole board defers parole suitability hearings beyond a certain period of time); *cf Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 501, 115 S.Ct. 1597 (1995) (finding that a California statute amending parole procedures to allow the Board to decrease the frequency of parole suitability hearings under certain circumstances did not violate Ex Post Facto Clause as applied to petitioner who was convicted prior to the amendment).

**B.    Retroactive Application to Plea Agreements**

Plaintiff argues that retroactive application of Marsy's Law violates fundamental fairness.  However, in 2013, the California Supreme Court rejected that claim: "Although

[Marsy's Law] mandate[s] longer deferral periods after the Board declines to set a parole date, they also give the Board discretion to advance the date of the next parole suitability hearing 'when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided' by the statutory deferral periods. (§ 3041.5, subd. (b)(4).) In addition, '[a]n inmate may request that the board exercise its discretion to advance a hearing ... to an earlier date, by submitting a written request to the board, with notice, upon request, and a copy to the victim which shall set forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate.' (§ 3041.5, subd. (d)(1).)" *In re Vicks* at 284-85.

### 1.     *Gilman* Class

Plaintiff further argues that his ex post facto issues should not be subsumed under the pending *Gilman* class action as his case concerns the plea agreement contract. (Doc. No. 27 at 7.) The *Gilman* class consists of state prisoners who were sentenced to a life term with the possibility of parole and assert Marsy's Law violates the Ex Post Facto Clause and their substantive due process rights. Plaintiffs in the *Gilman* class action assert that "when applied retroactively, [the deferral periods imposed under Marsy's Law] create a significant risk of increasing the measure of punishment attached to the original crime." (*Gilman*, Doc. No. 154-1 at 13.) Plaintiff in the instant case falls within the *Gilman* class because the class consists of state prisoners who: (1) have been sentenced to a term that includes life; (2) are serving sentences that include the possibility of parole; (3) are eligible for parole; and (4) have been denied parole on one or more occasion. Plaintiff does not dispute that he meets all four of the criteria.

Plaintiff identifies only a due process violation as his constitutional basis for relief, however he repeatedly mentions the Ex Post Facto Clause and relies upon its principles in some arguments. (Doc. No. 5 at 10.) To the extent Plaintiff asserts an Ex Post Facto Clause cause of action, his claims fall within the parameters of *Gilman*. As

with the plaintiffs in *Gilman*, Plaintiff here alleges that Marsy's Law violates the principles of the Ex Post Facto Clause.  Even if the Court found that a seven year deferral of Plaintiff's next parole suitability hearing violated the Ex Post Facto Clause, Plaintiff would not be entitled to release on parole.  Plaintiff's claims only concern the timing of his new parole suitability hearing and any relief would be limited to enjoining the parole board from enforcing any provisions of Marsy's Law found to be unconstitutional.  This is the same relief sought by the *Gilman* class.  Thus, Plaintiff's rights would be protected by membership in the *Gilman* class.

Plaintiff attempts to differentiate his claims by focusing on the contract principles that apply to plea agreements.  The gravamen of Plaintiff's complaint against Marsy's Law, however, is the extended deferral periods for parole hearings.  The issue of how he or the other members of the *Gilman* class were sentenced to life in prison with the possibility of parole is tangential at best.  The R&R points out, and this court agrees, that "[i]t is contrary to the efficient and orderly administration of justice for a court to proceed with an action that would possibly conflict with or interfere with the determination of relief in another pending action." (Doc. No. 15.)

### III.    Application for Certificate of Appealability

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2013). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why a certificate should not issue. Fed. R.App. P. 22(b).

Plaintiff argues that reasonable jurists could disagree about: (1) what he reasonably understood at the time of the plea agreement; (2) whether the two-year deferral was

a significant inducement to enter into the plea agreement; (3) whether Marsy's Law creates an ex post facto violation of his plea agreement; and (4) whether the application of the law is fundamentally unfair from a due process perspective.

California law supports this court's findings that a change in parole deferral terms does not constitute a due process violation. The cases Plaintiff asserts in rebuttal are distinguishable. The record is completely devoid of any evidence that Plaintiff accepted the plea agreement based on the promise of a maximum two-year parole deferral. There is no basis for a reasonable jurist to conclude otherwise.

Plaintiff's ex post facto claim falls within the pending *Gilman* class action suit and has been dismissed without prejudice. Plaintiff is still free to assert his ex post facto claim as a part of the class or following resolution of *Gilman*. Thus, Plaintiff fails to show how his constitutional rights have been denied.

## CONCLUSION

For reasons set forth above, the Court hereby ADOPTS Magistrate Judge Major's well reasoned R&R in its entirety GRANTING Defendants' motion to dismiss the Plaintiff's FAC, (Doc. No. 15), OVERRULING Plaintiff's objections, (Doc. No. 19), and DENYING Plaintiff's application for certificate of appealability, (Doc. No. 21). The Clerk of Court is instructed to enter judgment and close the case.

IT IS SO ORDERED.

DATED: September 26, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge